IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Paul Leslie Cox, # 75206, | ) | |
| | ) | Civil Action No. 8:17-728-TMC |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Warden of Kirkland Correctional Institution, | ) ) | |
| | ) | |
| Respondent. | ) | |

Petitioner Paul Leslie Cox, a state inmate proceeding pro se, filed this Petition seeking habeas corpus relief pursuant to 28 U.S.C. § 2254.[1] Before the court is the Magistrate Judge's Report and Recommendation ("Report"), recommending that the court dismiss Petitioner's action without prejudice and without requiring Respondent to file an answer or return. The Report also recommended that the court enter a pre-filing injunction. (ECF No. 12). Petitioner was advised of his right to file objections to the Report. (ECF No. 12 at 10.) However, Petitioner has not filed objections, and the time to do so has now run.

The Report has no presumptive weight and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). In the absence of objections to the Report, this court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02, DSC, this matter was initially referred to a magistrate judge.

instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

## Conclusion

After a thorough review of the Report and the record in this case, the court adopts the Magistrate Judge's Report and Recommendation (ECF No. 12) and incorporates it herein. Therefore, Petitioner's habeas petition is **DISMISSED** without prejudice and without requiring Respondent to file an answer or return.

Furthermore, the court finds that a pre-filing injunction is warranted for the reasons stated in the Report. Therefore, the court imposes the following **pre-filing injunction:**

1. Upon Petitioner submitting a habeas corpus petition pursuant to 28 U.S.C. § 2254 that seeks to vacate, overturn, release from, or otherwise attack his Greenville County August 4, 1987 conviction of assault and battery with intent to kill ("ABWIK") and/or possession of contraband and/or his twenty-year sentence of imprisonment, the Clerk of Court shall assign a case number (for docket control purposes) and send the case to the assigned magistrate judge for review in order for the magistrate judge to determine whether Petitioner alleges he has written permission from the Court of Appeals to file the action.

2. When appropriate, the magistrate judge shall direct Petitioner to provide written authorization from the Court of Appeals within a certain time frame.

3. Should Petitioner fail to provide written authorization from the Court of Appeals within the certain time frame, the action will be dismissed without prejudice and without issuance and service of process.

In addition, a certificate of appealability will not issue to a prisoner seeking habeas relief absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the court finds that the petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

June 26, 2017
Anderson, South Carolina